UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:17-CV-80241-ROSENBERG/HOPKINS

JAVIER RICARDO HERRERA, JR.,

    Plaintiff,

v.

MODEL ROW, INC., and
ROBERT BORN,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Attorney's Fees and Costs ("Plaintiff's Motion"). DE 48. The Court instructed that Defendant need not respond to any motion for attorney's fees and costs filed by Plaintiff absent a Court order to the contrary. DE 42. No such order was entered. Accordingly, Plaintiff's Motion is ripe for ruling. For the reasons stated below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

I.   DISCUSSION

    A.  **Plaintiff's Request for Costs**

Plaintiff's Motion includes a request for $532.00 in costs. DE 48 at ¶ 2. Included in that total: the $400.00 filing fee and $132.00 spent serving process ($66.00 was spent serving each of the two Defendants). This request is duplicative. On June 5, 2017, Plaintiff filed a Motion for Bill of Costs requesting $532.00 in costs—specifically, the $400.00 filing fee and $132.00 spent serving process. DE 46. On June 6, 2017, the Deputy Clerk entered an Order Granting Plaintiff's Motion for Bill of Costs in the amount of $532.00. DE 47. Plaintiff is not entitled to double recovery. Plaintiff's request for costs is, therefore, **DENIED**.

### B. Plaintiff's Request for Attorney's Fees.

Attorney's fees are calculated by multiplying the number of hours reasonably expended on a matter by a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). Here, Plaintiff seeks $9,170.00 in attorney's fees. DE 48-1 at 2. In support of his request, Plaintiff's counsel has attached his Billing Statement, which reveals this amount was calculated by multiplying 26.2 hours expended by counsel's hourly rate of $350.00. *Id.*

The Court finds this amount unreasonably high. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These options are mutually exclusive—the Court may select one or the other, not both. *Id.* An "across-the-board cut" is appropriate where the billing record is voluminous. *See Loranger*, 10 F.3d at 783. The billing record in this case is brief. Therefore, an hour-by-hour approach is appropriate.

#### i. Clerical or Secretarial Work

First, the Court addresses entries reflecting clerical or secretarial work. "[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment." *Norman v. Housing Auth. Of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988). There is disagreement over whether clerical or secretarial work is even compensable. The majority of district courts within the Eleventh Circuit have held it is not. However, this Court need not take a position.

"The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* at 1299. Plaintiff has not attempted to demonstrate the prevailing market rate for clerical or secretarial work.[1] Accordingly, Plaintiff would not be entitled to compensation for clerical or secretarial work even assuming such work is generally compensable. *See For Play Limited v. Bow to Stern Maintenance*, No. 05-cv-22002, 2006 WL 3662339 at * 8 (S.D. Fla. Nov. 6, 2006) (recognizing that even if clerical work was compensable, plaintiff would not be entitled to recover because he had "not even attempted" to prove the prevailing market rate for clerical work); *Manriquez v. Manuel Diaz Farms, Inc.*, 2002 WL 1050331 at * 7 (S.D. Fla. May 23, 2002) (Mag. J. Garber), *adopted,* slip op. (S.D. Fla. June 11, 2002) (Seitz, J) (same).

Here, Plaintiff's counsel seeks compensation for multiple clerical tasks: 0.1 hours for filing the Affidavit of Service on Defendant Robert Born on April 3, 2017; 0.1 hours for filing the Affidavit of Service on Defendant Model Row on April 3, 2017; and 0.1 hours for sending the summonses and reviewing the corresponding docket entry on February 27, 2017. DE 48-1. Plaintiff's counsel also seeks compensation for 0.2 hours spent filing Plaintiff's Statement of Claim on April 17, 2017. *Id.* Filing is clerical work. Any assertion that this entry included time spent creating the Statement of Claim is belied by the fact that Plaintiff's counsel—as part of a separate entry made February 26, 2017—billed his client for preparing the Statement of Claim. *Id.* Plaintiff also billed 0.1 hours for sending an e-mail regarding potentially re-scheduling a phone conference on April 24, 2017. *Id.* E-mails related to scheduling are purely clerical. *See Williams v. R.W. Cannon*, 657 F. Supp. 2d 1302, 1311 (S.D. Fla. 2009) (noting correspondence

---

[1] Plaintiff has represented that he is the sole member of his officer; however, he could nonetheless have presented outside evidence of a reasonable rate for clerical or secretarial work for judicial notice. *See Norman*, 836 F.2d at 1306 ("[T]he trial judge can judicially notice a rate for bookkeeping work or work customarily done by paralegals . . .").

3

"to coordinate scheduling with opposing counsel regarding court dates" is among the "basic communications that are typically handled by legal assistants or paralegals, not lawyers."). Plaintiff's counsel is not entitled to compensation for these entries—0.6 hours in total.

### ii. Hours Unnecessary to the Litigation

Hours expended on activities unnecessary to the litigation are not compensable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (noting that a district court should exclude unnecessary hours from its initial fee calculation). Here, Plaintiff's counsel billed 8.0 hours for the preparation and filing of his self-styled Notice that Settlement has not been Reached, Response to Defendants' Motions, and Motion to Reschedule March 25, 2017 Telephone Conference ("Omnibus Motion"). DE 48-1. The majority of this filing is a response to two motions Defendants had filed requesting additional time to respond to Plaintiff's Complaint. Both of Defendants' motions represented that Defendants had not been able to reach Plaintiff's counsel as of the time of filing to ascertain whether he opposed the relief sought. Both motions were granted—the first on April 13, 2017, and the second on April 16, 2017. DE 14, 17. Plaintiff dedicated approximately twelve pages of his Omnibus Motion opposing simple extensions of time *that had already been granted*. That is the very definition of unnecessary. Moreover, Plaintiff's filing—for which he is seeking $2,800.00 in compensation—is comprised largely of needless attacks on Defendants' counsel. *See* DE 18. The only necessary portions of this filing informed the Court that the case had not settled and requested that the Court reschedule the telephone conference. Providing that information to the Court required, at best, a page or two. Plaintiff's counsel is, therefore, entitled to 0.2 hours for this filing.

Plaintiff's counsel also billed for various entries related to reviewing and responding to e-mails filed to the docket. These entries include: 0.1 hours for reviewing a Notice of Filing E-mail

on April 25, 2017; 0.4 hours preparing and filing Plaintiff's Motion to Strike Defendant's Notice on April 25, 2017; 0.1 hours for reviewing the Court's Paperless Order Denying Plaintiff's Motion to Strike Defendant's Notice on April 25, 2017; 0.2 hours for preparing Plaintiff's Notice of Filing E-mails on April 30, 2017; and 0.2 hours reviewing Defendants' Notice of Filing E-mail on May 1, 2017. DE 48-1. These entries were generated by what can only be described as a breakdown of communication between Plaintiff's counsel and Defendants' counsel. "[Plaintiff's] counsel's overall inability to communicate with [Defendants'] counsel unnecessarily increased the costs of the litigation and, as such, he cannot benefit from these actions." *Powell v. Carey Intern., Inc.*, 547 F. Supp. 2d 1281, 1294-94 (S.D. Fla. Mar. 12, 2008), *aff'd*. The Court further notes Plaintiff's Motion to Strike Defendant's Notice was rendered utterly unnecessary because a second status conference before the undersigned had already been set for that very day. *See* DE 28. Any matter Plaintiff's counsel felt necessary could easily have been raised *ore tenus*.

The same logic applies to two other groups of entries. First: other entries surrounding the two status conferences held on April 25, 2017. The Court set the status conference only because Defendants' motions requesting extensions of time reflected difficulty communicating with opposing counsel. Court intervention should not have been necessary. The Court's resources were needlessly expended reconstructing a labyrinthine series of e-mails about matters easily reducible to a routine professional phone call. Indeed, the Court adjourned the first status conference and set a second for later the same day after discovering that counsel had never spoken on the phone during the two-month pendency of the case. Again, Plaintiff's counsel is not entitled to benefit from this breakdown of communication. Accordingly, the Court finds he is not entitled to recover for the following entries: 0.1 hours reviewing the Order Setting Status Conference on April 22, 2017; 0.1 hours reviewing Defendants' Notice of Telephonic

5

Appearance on April 24, 2017; 0.1 hours reviewing Paperless Order Memorializing Status Conference on April 25, 2017; 1.0 hours attending the status conference on April 25, 2017; 0.1 hours reviewing Paperless Order Setting Status Conference on April 25, 2017; and 0.1 hours reviewing the minute entry for the hearing on April 26, 2017.

Second: Plaintiff's counsel's entries for reviewing Defendants' counsel's first motion requesting additional time to respond to Plaintiff's Complaint and the corresponding paperless order—a total of 0.8 hours. It is undisputed that on April 6, 2017, Defendants' counsel reached out to Plaintiff's counsel offering to settle the case for the full amount requested in the Statement of Claim, plus reasonable fees and costs. *See* DE 12 at 1. Defendants' counsel's e-mail further stated that if a number could not be agreed upon, Defendants were happy to leave the amount for the Court's determination. *Id.* Based on the billing entries, Plaintiff's counsel took six days—until April 12, 2017—to convey Defendants' offer to his client. Had Plaintiff expeditiously communicated with his client and picked up the phone to relay the results of that communication to Defendants' counsel, it would likely not have been necessary for Defendants' Counsel to file Defendants' Motion for Enlargement of Time *Nunc Pro Tunc* to File Answer and Affirmative Defenses. Accordingly, Plaintiff is not entitled to recover the 0.7 hours he billed on April 13, 2017 for reviewing the Motion or the 0.1 hours he billed on April 17, 2017 for reviewing the order granting the same.

### iii. Excessive Hours

This case was relatively simple. So was the three-page Complaint. *See* DE 1. Plaintiff's counsel previously sued the very same two Defendants in an earlier-filed case before the undersigned. *See Martinez v. Model Row, Inc.*, Case No. 9:16-cv-81636. A comparison of the Complaint filed in *Martinez* and the present Complaint reveals Plaintiff's counsel altered only

6

the Plaintiff's name and the nature of his job—whereas the Plaintiff in *Martinez* was a landscaper, the Plaintiff here was an irrigation technician. Nothing else is different. Billing 1.5 hours for such a slight alteration is unconscionable. Assuming time was required for Plaintiff to vet the Complaint and assure no other alterations were needed, the Court finds 0.4 hours a reasonable amount. Plaintiff's counsel's billing entry also includes the filing of the Complaint. As noted above, filing is clerical work. Therefore, the entry is further reduced to 0.3 hours.

Plaintiff's counsel also billed 0.3 hours for preparing Plaintiff's Motion for Extension of Time on May 1, 2017. DE 48-1. This Motion, excluding the signature block and certificate of service amounts to slightly more than one page double-spaced. The Motion straightforwardly states simple facts and includes no law. Accordingly, the Court finds a reduction to 0.2 hours is appropriate. *See Turcios v. Delicias Haspanas Corp.*, No. 2009 WL 1393238, * 4 (S.D. Fla. May 14, 2009) (finding 0.2 hours reasonable where reply was slightly over one page and contained no case law). Similarly, Plaintiff's counsel billed 0.2 hours for preparing and filing Plaintiff's Notice of Compliance. DE 19. The Notice is a one sentence document informing the Court Plaintiff had served Defendants with the Statement of Claim and supporting documents. It contains no legal analysis. And, as noted above, Plaintiff is not entitled to any compensation for filing the Notice, as that is a clerical task. The Court finds a reduction to 0.1 hours appropriate.

Finally, Plaintiff's counsel billed in separate six-minute increments for reviewing rote docket entries. For example, on February 27, 2017, Plaintiff's counsel billed 0.1 for reviewing "Judge Assignment" and another 0.1 for reviewing "Consent to Magistrate [J]udge." DE 48-1. The entries were made on the docket one minute apart. *See* DE 2, 3. The "Judge Assignment" entry is one sentence long: "Judge Assignment to Judge Robin L. Rosenberg and Magistrate Judge James M. Hopkins." DE 2. The "Consent to Magistrate [J]udge" entry is a simple form

7

entered by the Clerk in each case. DE 3. The Court finds 0.1 a reasonable amount of time to review these two entries.

### iv. Note on Failure to Comply with Court Orders

In the course of attempting to set a hearing in this case, Plaintiff's counsel represented to the Court that he had a trial before Judge Altonaga that was set to continue through April 28, 2017. The Court, in its Order Staying Case and Directing the Clerk of the Court to Close this Case for Statistical Purposes, ("Order Staying Case"), stated that "[i]f the case does not go forward or if trial is completed before Friday April 28, 2017, Plaintiff's counsel shall *immediately* file a notice if the Court so indicating." DE 30 (emphasis added). Trial ended on Thursday, April 27, 2017; however, Plaintiff's counsel did not file a notice so indicating until nearly midnight on April 30, 2017. DE 34. Over two days' delay is not immediate.

This Court has also implemented clear requirements regarding filings proof of service— requirements Plaintiff's counsel did not abide. The Court's Order Setting Status Conference, Calendar Call, Pretrial Deadlines, and Trial Date and Order of Reference to Magistrate ("Trial Order") states: "Unless service is waived, proof of service must be made to the Court by filing the server's affidavit immediately upon receipt." DE 6 at 2. When followed, this procedure facilitates the expeditious resolution of matters before the Court. The returns of service reflect both Defendants were served on March 15, 2017. DE 8, 9. However, the returns of service were not filed until April 3, 2017—two days before Defendants' responses to the Complaint were due. *Id.* The Court observes that these failures to comply are not isolated incidents and strongly cautions Plaintiff's counsel that such failures will, in future cases, not be missed by the Court.

## II.     CONCLUSION

As outlined above, the Court finds a reduction of 13.2 hours appropriate. A total of 13 hours remain. Multiplying 13 hours by Plaintiff's counsel's hourly rate of $350.00 yields a total of $4,550.00 to which Plaintiff's counsel is entitled.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of July, 2017.

                                                                             _____

Copies furnished to:                           ROBIN L. ROSENBERG
Counsel of record                             UNITED STATES DISTRICT JUDGE